IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-118 |
| | ) | |
| GARY TED CARRINGER, | ) | (VARLAN/GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 18, 2009, for a scheduled pretrial conference. Assistant United States Attorney Melissa M. Millican appeared on behalf of the government. Attorney R. Alexander Brown represented the Defendant, who was also present.

The Defendant filed a Motion to Dismiss [Doc. 10] on December 2, 2009, requesting the suppression of all evidence seized during the January 9, 2009 search of his residence and any statements that he made subsequent to the search. At the hearing, the parties made a joint oral motion to continue the January 8, 2010 trial in order to permit a ruling upon the motion. The parties agreed upon a new trial date of May 10, 2010.

The Court finds the joint oral motion to continue the January 8, 2010 trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). As noted above, the

1

Defendant has filed a suppression motion. See 18 U.S.C. § 3161(h)(1)(D). The Court finds that the Defendant's suppression motion is of such a nature that the time required to determine the issue creates excludable time. See United States v. Tinklenberg, 579 F.3d 589, 598 (6th Cir. 2009) ("hold[ing] that a pretrial motion must actually cause a delay, or the expectation of a delay, of trial in order to create excludable time").

The Court will need to conduct a hearing on the suppression motion and time, not to exceed thirty days, to prepare a report and recommendation on the motion. See 18 U.S.C. § 3161(h)(1)(H). Following the filing of the report and recommendation, the parties need time to file any objections, and the District Court will need time to rule upon the suppression motion in light of the report and any objections. Finally, the parties will need time to prepare for trial in light of the ruling on the suppression issues. The Court finds that all of this could not take place before the January 8, 2010 trial date. The failure to grant a continuance would deprive the parties of time to secure a ruling on the suppression motion and to prepare for trial in light of this motion. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the parties' joint oral motion to continue the trial is **GRANTED**, and the trial of this matter is reset to **May 10, 2010**. The Court also finds that all the time between the December 18, 2009 hearing and the new trial date of May 10, 2010, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), (H), & (h)(7)(A)-(B). With regard to additional scheduling, the Court set an evidentiary hearing on the suppression motion for **January 8, 2010, at 9:30 a.m.**, and a pretrial conference for **April 28, 2010, at 9:30 a.m.** The plea negotiation deadline is also **April 28, 2010**.

Accordingly, it is **ORDERED**:

(1) The parties' joint oral motion to continue the trial is **GRANTED**;

(2) The trial of this matter is reset to commence on **May 10, 2010**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **December 18, 2009** hearing, and the new trial date of **May 10, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The parties are to appear before the undersigned for an evidentiary hearing on the suppression motion [Doc. 10] on **January 8, 2010, at 9:30 a.m.**; and

(5) A pretrial conference before the undersigned is set for **April 28, 2010, at 9:30 a.m.** This date will also be the new plea negotiation cutoff deadline.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge